## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Darrell Fair (#B-32994), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 4361 |
| | ) | |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| Anna McBee, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Plaintiff leave to proceed *in forma pauperis*. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $18.10 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. However, summonses shall not issue at this time. The Court dismisses the complaint [1] without prejudice. Plaintiff has until 1/7/2016 to submit an amended complaint concerning his medical care and failure-to-protect claims. Plaintiff's failure to submit an amended complaint by that date will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form, filing instructions, six blank USM-285 forms, and a copy of this order. Status hearing set for 1/14/2016 at 10:15 a.m. Defense counsel shall arrange for the telephonic appearance of any incarcerated pro se plaintiff.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Stateville Correctional Center, violated his constitutional rights by "retaliating" against him and by acting with deliberate indifference to his serious medical needs.

Plaintiff has attached a trust account certification to his complaint. The Court construes the certification as a request for leave to proceed *in forma pauperis* and grants the request. Pursuant to 28 U.S.C. § 1915(b), Plaintiff is assessed an initial partial filing fee of $18.10. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments should be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff alleges the following facts, assumed true for purposes of initial review: In May 2014, Plaintiff had a prison job assignment as a barber and general cellhouse assistant. On May 14, 2014, Defendant McGarvey, a Stateville correctional officer, asked Plaintiff to help an inmate move his property from one cell to another because the other inmate was being placed in administrative detention. The other inmate was not handcuffed or otherwise restrained. During the move, the other inmate attacked Plaintiff, seriously injuring him. McGarvey denied Plaintiff access to medical care and directed him to keep the incident "in-house." No disciplinary action was taken against the other inmate, who went on to assault his new cellmate as well.

The next day, correctional officials informed Plaintiff that he was being given a few days off; a day later, he learned that he had been terminated from his job assignment. Although Defendant McBee, a counselor, clarified that Plaintiff had been "reassigned" as a barber rather than fired, the barber instructor, Defendant Mattison, refused to permit Plaintiff to work for him. Over the next two weeks, Plaintiff made multiple requests for medical attention. X-rays of Plaintiff's injuries were not taken until May 31, 2013.

Plaintiff may have an actionable claim regarding the alleged denial of medical care; however, he must submit an amended complaint detailing the nature of his injuries and naming as Defendants those individuals who denied him access to treatment. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). But Plaintiff's conclusory assertion that he was "severely injured" is insufficient to state a claim. The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Plaintiff must provide a few details about the nature of his purportedly serious injuries. Plaintiff must also name as Defendants those individuals from whom he "diligently requested … medical assistan[ce]." The medical care claims in the complaint are dismissed without prejudice.

The complaint's failure-to-protect claims also are dismissed without prejudice. Plaintiff has failed to state facts to support an inference that Defendant McGarvey acted with deliberate indifference to a substantial risk of serious harm. Correctional officials have a duty to protect inmates from violent assaults by other inmates. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). The Constitution imposes on correctional officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832-33). Correctional officials incur liability for the breach of that duty when they are aware of a substantial risk of serious injury to an inmate but nevertheless fail to take appropriate steps to protect him from a known danger. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). In order to demonstrate that he has an Eighth Amendment claim, Plaintiff must state facts showing that: (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant officials acted with "deliberate indifference" to that risk. *Santiago*, 599 F.3d at 756; *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). Here, the complaint satisfies neither prong.

The satisfy the objective prong, a plaintiff must allege facts showing not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Santiago*, 599 F.3d at 758; *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012). "When [Seventh Circuit] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.'" *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). A generalized possibility of jail violence, rather than a specific risk of serious harm, does not implicate the Constitution. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (citations omitted). Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834; *Miller v. Turner*, 26 Fed. Appx. 560, 563 (7th Cir. 2001). A "mere possibility of violence" or the occurrence of a random act of violence is insufficient to impose liability on prison officials. *Miller*, 26 Fed. Appx. at 563. "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more.... All that can be expected is that guards act responsibly under the circumstances that confront them." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). "[A]n unfortunate random act of violence in a prison ... does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002).

Here, the complaint does not allege facts showing that a serious risk of substantial harm existed. Nothing in the complaint suggests that Plaintiff knew his assailant, had experienced conflict with him prior to the attack, or been threatened. While it is regrettable that Plaintiff was the victim of random violence, the complaint does not suggest that he faced a substantial risk of serious harm prior to the assault.

In order to satisfy the subjective prong, a plaintiff must show that the defendant acted with deliberate indifference to the substantial risk of serious harm. *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913. The subjective prong has two subparts: (a) knowledge of the risk, *Brown* at 913, and (b) a disregard of that risk. *Id.* at 916. Plaintiff must demonstrate that prison officials were aware of a specific, impending, and substantial threat to his safety, normally by showing that he complained to prison officials about the danger. *Morris v. Ley*, 331 Fed. Appx. 417, 419 (7th Cir. 2009); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). To be held liable under 42 U.S.C. § 1983, the defendant "must both be aware of the facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw that inference." *Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913; *Riccardo*, 375 F.3d at 525. Negligence or even gross negligence is insufficient to implicate the Constitution; for liability to attach under 42 U.S.C. § 1983, the officer must have acted with "the equivalent of criminal recklessness." *Guzman*, 495 F.3d at 857 (quoting *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005)). The relevant inquiry is whether correctional officials actually knew about the danger that the plaintiff faced, not whether a reasonable official should have known. *Case v. Ahitow*, 301 F.3d 605, 605 (7th Cir. 2002) (distinguishing deliberate indifference from negligence).

The complaint does not support an inference that Defendant McGarvey acted with deliberate indifference to a substantial risk of known harm. Again, there is no indication that Plaintiff expressed any concerns for his safety prior to the attack, which appears to have been entirely sudden and unexpected. Actual knowledge cannot be imputed to a prison official if Plaintiff himself was unaware of a specific threat. *Guzman*, 495 F.3d at 857-58. Even if the inmate facing administrative segregation should have been handcuffed during the move, McGarvey's failure to place the inmate in

restraints--while certainly no cause for commendation--did not rise to the level of criminal recklessness.

McGarvey's failure to initiate disciplinary action against Plaintiff's assailant does not state a viable claim, so that claim is dismissed with prejudice. The Constitution "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). McGarvey's failure to charge Plaintiff's assailant, even if motivated by a desire to cover up his own omissions, is not actionable under 42 U.S.C. § 1983.

Plaintiff also has articulated no tenable retaliation claim. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Walker v. Thompson*, 288 F.3d 1005, 1008-1009 (7th Cir. 2002). A prisoner is entitled to take advantage of prison grievance procedures and court remedies without fear of recrimination, and if a prison official retaliates against the prisoner for making nonfrivolous claims, the official violates the inmate's First Amendment rights. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *Young*, 2012 WL 621358 at *6.

In this case, the complaint does not allege facts suggesting that any protected activity was the basis for Plaintiff's discharge. Plaintiff, in fact, had no constitutional right to keep his job assignment. Prison inmates have no protected interest in their jobs. *See McMillen v. Tanner*, No. 12 C 5110, 2012 WL 2839808, at *2 (N.D. Ill. Jul. 6, 2012). "Illinois does not give every prisoner a right to hold a job, or any particular job.... [N]o statute, regulation, or practice with a force of a regulation curtails the discretion of prison officials to assign a prisoner to any job on whim." *Wallace*, 940 F.2d at 244-45. Plaintiff cannot sue over his wrongful termination in federal court. The retaliation claim is dismissed with prejudice as well.

For the foregoing reasons, the Court dismisses the complaint without prejudice. Plaintiff has until January 7, 2016 to submit an amended complaint that seeks to replead the failure-to-protect and the medical care claims. The amended complaint should name as Defendants those individuals who personally and directly denied Plaintiff access to needed medical care and who failed to protect him. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached. Plaintiff is advised to keep a copy for his files. Plaintiff must complete a USM-285 form for each defendant named in the amended complaint and return those forms to the Prisoner Correspondent.

December 8, 2015

_____
United States District Judge