7088 MRS/PJS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL W. FAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15 CV 4361 |
| | ) | |
| MAJOR J. MCGARVEY, DR. OBAISI S., | ) | Judge Gary Feinerman |
| DR. MARTIJA, BOBBY MATTISON, WARDEN | ) | |
| HARDY, LT. KIRK, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, DR. MARTIJA'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COMES DEFENDANT, Dr. Martija, by her attorneys, Cunningham, Meyer & Vedrine P.C., states as follows as her Answer and Affirmative Defenses to Plaintiff's Amended Complaint at Law:

### Objection:

Plaintiff's Complaint fails to meet the pleading requirements set forth by Federal Rule of Civil Procedure 8(d)(1) as it contains lengthy paragraphs that do not clearly differentiate between the various allegations in a manner that can be individually admitted or denied and on the basis that it does not provide a simple, concise, and direct statement of each allegation.

### Statement of Claim

This defendant denies all allegations contained within plaintiff's statement of claim.

### Relief

Defendant denies Plaintiff is entitled to any relief as stated in this section and prays for judgment in her favor and against Plaintiff and for any other relief this court deems just.

### Affirmative Defenses

### First Affirmative Defense

1.     The defendant affirmatively states that the plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 involving rights secured by the United States Constitution, as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to that statute.

2.     To assert a claim for cruel and unusual punishment under the Eight Amendment of the Constitution, the plaintiff must show deliberate indifference to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97 (1976).

3.     In order to properly show a violation of the Eighth Amendment based upon alleged improper medical care it must be shown that the failure to provide proper medical care constituted an unnecessary and wanton infliction of pain or was "repugnant to the consciousness of mankind." *Id*.

4.     To demonstrate that a prison official was deliberately indifferent to an inmate's serious medical need, the prisoner must show "that he official knew of and disregarded an excessive risk to inmate health." *Id.*

5.     Plaintiff does not allege facts that show either (1) deliberate indifference or (2) an objectively serious medical condition, and as such, he has failed to state a cause of action as to this defendant.

**<u>Second Affirmative Defense</u>**

1.     To the extent plaintiff may be seeking relief from this defendant in her alleged official capacity, this claim should be dismissed as to the extent this defendant, as an official of the state, is immune.

**<u>Third Affirmative Defense</u>**

1.     Plaintiff's complaint is barred, in that plaintiff failed to properly exhaust his administrative remedies prior to the filing of this litigation pursuant to the requirement set forth in *Pavey v. Conley*, 528 F. 3d 494 (7th Cir. 2008).

## JURY TRIAL DEMANDED

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

   /s/ Peter J. Strauss
Peter J. Strauss (IL Bar 6244851)
CUNNINGHAM, MEYER & VEDRINE, P.C.
1 East Wacker Drive, Suite 2200
Chicago, Illinois  60601
Tel:  (312) 578-0049
Fax: (312) 578-0247
E-Mail: pstrauss@cmvlaw.com
*Attorneys for Dr. Martija*