IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARREL FAIR (#B-32994), | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 15-CV-04361 |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| MCGARVEY, et al., | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| Defendants. | ) | |

## DEFENDANT JENNY MCGARVEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, JENNY MCGARVEY, by and through her attorney, LISA MADIGAN, Illinois Attorney General, and hereby answers Plaintiff's Amended Complaint as follows:[1]

**Statement of Claim: Failure to Protect/Denial of Medical Care**

1. On May 14, 2013 Inmate P. Howard was assigned to administrative detention AID.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Inmates according to the Ill Admin Rules and regulations are to be immediately handcuffed and taken to their AID cell, this is for the protection of staff and inmates due to the nature of inmates placed in AID status, everything from dangerous disturbance, staff assaults, criminal and gang as well as weapon violations.

**ANSWER:** Defendant denies the allegations contained in paragraph 2.

---

[1] Plaintiff's Amended Complaint pleads in a narrative style without numbered paragraphs. Accordingly, Defense counsel has listed each of Plaintiff's allegations in numbered paragraphs to bring the document in compliance with the Federal Rules of Civil Procedure, and plead clear and distinctive answers. Furthermore, Defendant used her best efforts to accurately transcribe Plaintiff's allegations that were pleaded in faded and occasionally illegible handwriting. Undecipherable portions of the Complaint are designated by "*".

3. On this particular day Major J. McGarvey authorized for inmate Howard-who was previously cuffed – to be uncuffed so that he could pack and move his property to I gallery seg/AID cells, a clear violation of IDOC rule and regulations and a potential security risk for staff and inmates.

**ANSWER**: Defendant denies the allegations contained in paragraph 3.

4. Lt. Kirt was the Lt of F-house for that day and Sgt Nash was acting Sgt for that day, I (Fair) was the F-house barber,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. I was told by staff to assist w/ one inmate Howards bags

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. when I got his bag in front of cell 121, inmate Howard was standing there next to his other property,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. there was no security around,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. I sat the bag down and Howard started swinging at my head after he landed several blows, I restrained him until staff came about 1 minute later.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. C/O Medina grabbed inmate Howard and C/O Brocks grabbed me, we both were then handcuffed.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. We were both placed in (1 each) f-house 1 gallery showers.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. I heard the staff asking each other "who uncuffed Howard" someone said "it was the Majors call."

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. I had swelling on the leftside of my face my knees were bleeding and my shoulder (left) was hurt, because C/O Medina tackled inmate off my left side and bumped my left shoulder area.*

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. uncuffing a inmate already cuffed and in AID status who was loud and aggressive and who warned Major McGarvey that he didn't want cell-house help touching his property, was a major breech [sic] of duty when inmate exhibited risk of injury to staff and cellhouse help.

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is required, Defendant denies the allegations contained in paragraph 13.

14. And the lack of security to supervise inmate Howards move was a failure to appropriate steps to protect cellhouse help from known danger presented by a A/P status inmate.

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is required, Defendant denies the allegations contained in paragraph 14.

15. No inmate in seg or AID are allows to walk out their cell without restraints – never at no time, the rules state that reg and AID inmates must be cuffed prior to this door even being opened.

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is required, Defendant denies the allegations contained in paragraph 15.

Claim 2 denial medical care

16. while in the shower, and still cuffed Major McGarvey came to the shower and asked if I was kool,

**ANSWER:** Defendant denies the allegations contained in paragraph 16.

17. I said that my head hurt and my shoulder was hurt and I asked to see a med tech for that and for some bandaids for my knees,

**ANSWER:** Defendant denies the allegations contained in paragraph 17.

18. Major McGarvey said that I was lucky that I wasn't going to seg today, and that will keep this (in House) no seg, ticket or incident report,

**ANSWER:** Defendant denies the allegations contained in paragraph 18.

19. I was then uncuffed by C/O Lenard and the med tech was never called.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. I had staff cell B. Mattison my barber supervisor to ask if I could come to barbershop (his office) to explain what happened and to set up medical appointment.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. B Mattison told staff that "no I couldn't come to his office."

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. I also wrote B. Mattison that report explaining what happened and asking that he schedule me for health care, I never got a response.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. I went to work F-house the next day May 15, 2013 and Lt. Kirk called me to his office and told me to go back to my housing unit.

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is necessary, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. I was told that I was given a few days off, the next day I was told that I was fired.

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is necessary, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Counselor McGee claimed that I was re-assigned but there 3# barber positions available to work that I could have been reassigned to that wouldn't of involved B. Mattison –

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is necessary, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. I was fired. *

**ANSWER:** Pursuant to the Court's initial review of this Complaint, under 28 U.S.C. §1915A, Plaintiff's claims for failure to protect and retaliation were dismissed by Court Order, on February 12, 2016. [Docket #9]. Accordingly, Defendant need not respond to this allegation. To the extent a response is necessary, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. for the next 2# weeks I spoke to nurses several time a day because of the severe headaches, I was regurgitating food and I had a sensitivity to light, my left should was in constant pain, nurse Wendy, Heather, Kathie and Katerine,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. I was told to drop a request slip and that medical director Obaisi, implemented a new system no exceptions.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Dr. Williams treated me about 2 weeks later she documents the swelling on the left side of my face and the symptoms that I was experiencing and also the abrasions on my knees, she also scheduled me for a x-ray on my head.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Dr. Obaisi never did a follow up, I had to re-submit request and it took another couple of months before I saw him,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. he basically said that I was fine,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. he and Dr. Martija prescribed pain medication and ordered x-rays of left shoulder but the treatment was limited if non-existent.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33. My rotator cuff is still injured, I have constant pain, limited usage of motion and decreased strength.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34. My head injury was never tested for concussion, but all my symptoms point to exactly that, the headache have subsided but I still experience blurred vision and dizziness from time to time.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. Most recently in Jan and Aug 2015 I was taken off my pain medication and my low bunk permit was not renewed – it was issued after I had surgery on my right shoulder in 2011,

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

36. but being forced to climb on the top bunk w/no latter to assist me, ___ forced to hurt my shoulder just to climb in and out my bunk.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36.

37. I have a large prostate so I urinate 6-8 times a night, so I'm constantly hurting my shoulder (left).

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37.

38. Finally according to 20 Ill Admin Code 504 *504.660 administrative detention, administrative detention is a non-disciplinary status of confinement which removes an offender

from general population or restricts the individuals access to general population or restricts the individuals access to general population.

*Reasons for Admin Detentions to consider:

1) seriousness of offense;
2) safety to security of facility, staff or one person

*504.610  Placement in segregation status

A)  Offenders may be placed in seg or confinement /reasons include:
1. Temporary confinement waiting hearing
2. Investigative status
3. Disciplinary segregation
4. Administrative Detention

**ANSWER**: Defendant makes no answer to the allegations of paragraph 38 as it consists of conclusions of law.

39.     *Mr. Howard was placed in cuffs and placed in AID status by internal affairs at about 10:30 AM May 14, 2013, Major McGarvey uncuffed him at about 12:00 PM May 14, 2013.

**ANSWER:** Defendant denies that she uncuffed inmate Howard. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining remaining allegations contained in paragraph 39.

| **Healthcare Personnel**: | **F-house Staff** |
|---|---|
| Dr. S. Obaisi | Major McGarvey |
| Dr. Martija | Lt. Kirk |
| Nurse Heather | Sgt. Nash |
| Mary | C/O Medine |
| Kathie | C/O Lazard |
| Katherine | C/O Brooks |
| Wendy | C/O Jonowich |

**Relief Requested**

40.     Compensated for back pay, pain and suffering, cumulative and punitive damages, court cost.

**WHEREFORE**, Defendant denies that the Plaintiff is entitled to the requested relief, or any relief whatsoever, and Defendant requests that this Court strike this Amended Complaint, enter judgment on Defendant's behalf, and for such further relief the Court finds reasonable and just.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks money damages from the State of Illinois, its agencies or departments, or any official acting in his or her official capacity, they are entitled to sovereign immunity under the Eleventh Amendment.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant herein, Defendant acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendant is therefore protected from suit by the doctrine of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. 1997(e).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

                                                                             Respectfully submitted,

| | |
|---|---|
| | /s/ Patrick D. Morris |
| LISA MADIGAN | Patrick D. Morris |
| Illinois Attorney General | Assistant Attorney General |
| | General Law Bureau |
| | 100 West Randolph Street, 13th Floor |
| | Chicago, IL  60601 |
| | (312) 814-6594 |
| | pmorris@atg.state.il.us |