7088 MRS/PJS/TSL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARRELL FAIR, | |
| Plaintiff, | |
| v. | Case No. 15 CV 4361 |
| J. MCGARVEY, et al., | Hon. Judge Gary Feinerman |
| Defendants. | |

## ANSWER TO THIRD AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, DR. SALEH OBAISI and DR. ALMA MARTIJA WULFF, by and through their attorneys, CUNNINGHAM, MEYER & VEDRINE, P.C., and pursuant to Federal Rule of Civil Procedure 8, hereby provide the following answer and affirmative defenses to the Third Amended Complaint[1] [Doc. 66]:

### COUNT I
### SECTION 1983 DELIBERATE INDIFFERNCE (sic) TO MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT

1. This is an action brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, DARRELL FAIR and accomplished by acts and/or of the Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES,

---

[1] For the purposes of clarity, although [Doc. 66] is titled "First Amended Complaint," the document was filed as the Third Amended Complaint in this matter. Accordingly, Defendants will answer [Doc. 66] as if answering the Third Amended Complaint.

committed under color of law.

**ANSWER**: Defendants deny the allegations contained in Paragraph 1, and further deny any violation of Plaintiff's constitutional rights whatsoever.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER**: Defendants admit the Court has jurisdiction over this matter. Defendants deny that the Court's jurisdiction is based upon "supplemental jurisdiction of the State of Illinois."

3. The Plaintiff, DARRELL FAIR, was at all relevant times, a resident of the State of Illinois and incarcerated at Stateville Correctional Center.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3.

4. The Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, were at all relevant times correctional employees who worked at Statesville Correctional Center.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4.

5. The Defendants DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, were at all relevant times medical personnel who worked at Stateville Correctional Center, and acting within the scope of their employment and under color of law.

**ANSWER**: Defendants admit Dr. Saleh Obaisi and Dr. Alma Martija Wulff have been employed to provide medical care to inmates at Stateville Correctional Center. Defendants lack knowledge

or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5, but deny any violation of Plaintiff's constitutional rights whatsoever.

6. On or about May 14, 2013, the Plaintiff was working in the barber shop located at Stateville Correctional Center. While he was working, he was asked help move the property of a prisoner by the name of Howard. As soon as the Plaintiff picked up Inmate Howard's bags, Inmate Howard attacked the Plaintiff. Defendants C/O MEDINE and C/O BROOKS helped to subdue both inmates and stop the attack. Due to the attack by inmate Howard, the Plaintiff's face was swollen and bruised, his knees were bleeding, and his left shoulder was injured. He also felt dizzy and nauseous.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6.

7. After the attack, the Plaintiff requested medical attention for his injuries from Defendants MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE. Even though the Defendants were made aware of the Plaintiff's injuries, they refused to send for medical attention.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7, but deny any violation of Plaintiff's constitutional rights whatsoever.

8. Subsequent to this request, Plaintiff experienced severe headaches, light sensitivity, nausea to the point of vomiting, and "constant pain" following the scuffle with Howard.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8, but deny any violation of Plaintiff's constitutional rights whatsoever.

9. On May 14, 2013, the Plaintiff wrote a letter to Bobby Mattison requesting medical assistance for the injuries he sustained on May 13, 2013. Bobby Mattison deliberately ignored this request for medical assistance.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9.

10. On May 15, 2013 the Plaintiff informed Nurse Wendy that he was experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain, and in response the informed the Plaintiff to fill out a medical request form. The Plaintiff filled out the medical request slip and submitted it.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

11. On May 17, 2013 the Plaintiff submitted another medical request form.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

12. On May 18, 2013 the Plaintiff complained to Defendants C/O WILLIAMS and LT. GIVENS about and the pain and suffering he was experiencing from the injuries he sustained on May 14, 2013 and requested medical attention. The Defendants ignored the Plaintiff's pleas for medical attention exclaiming that his medical issues were not "their problems."

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 12, but deny any violation of Plaintiff's constitutional rights whatsoever.

13. On May 19, 2013 the Plaintiff spoke to DEFENDANT JOHN DOE Med Tech assigned to D-House and requested medical assistance due to the severe pain he was still experiencing. The Defendant JOHN DOE MED TECH deliberately ignored the Plaintiff's pleas for medical assistance.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

14. On May 20, 2013 the Plaintiff requested medical assistance from C/O SALIS regarding the severe pain that the Plaintiff was experiencing. Defendant C/O SALIS ignored the Plaintiff's pleas for medical assistance.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14.

15. On May 22, 2013 the Plaintiff submitted another medical request form for medical assistance.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

16. Between May 22, 2013 to May 24, 2013, the Plaintiff spoke to JOHN DOE MEDICAL NURSES requesting medical assistance for experiencing severe headaches,

regurgitating food, sensitivity to light, and left shoulder pain. The Defendants deliberately ignored his pleas for medical assistance.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

17. On May 25, 2013 the Plaintiff submitted another medical request form.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

18. Between May 26, 2013 to May 27, 2013, the Plaintiff orally requested medical assistance from Defendants JOHN DOE MEDICAL NURSES for experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain. Instead of treating the Plaintiff, they instead told him to submit a medical request form and to write a grievance.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

19. On May 28, 2013, after numerous oral and written requests for medical assistance, the Plaintiff was finally treated by a medical professional and received X-Rays a couple days later. On the day that the Plaintiff received his X-Rays, he was told he was scheduled for an appointment with Defendant SALEH OBAISI. However, the day of his appointment, a lockdown

occurred at the prison, and the Plaintiff's appointment was canceled.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

20. Even though Defendant SALEH OBAISI knew that the Plaintiff needed medical attention and was set to have a follow up appointment with him, the Plaintiff was not seen for four to six months by Defendant SALEH OBAISI.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

21. In subsequent visits, Defendant SALEH OBAISI denied the Plaintiff his request for a low bunk permit knowing that he was still in pain from his shoulder and that he had an issue with his prostate that necessitated him leaving his bed a number of times every night which exacerbated his injuries and delayed ordering the Plaintiff physical therapy treatment.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

22. Eventually the Plaintiff was seen by DEFENDANT MARTIJA in August of 2015. Even though Defendant MARTIJA recommended physical therapy for the Plaintiff, she refused his request for a low bunk permit, knowing that the Plaintiff was in shoulder pain and that he

needed to leave his bunk several times each night because of prostate issues and this movement exacerbated his shoulder pain.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

23. On September 27, 2016, Defendant SALEH OBAISI promised the Plaintiff that he would order him an MRI.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

24. Approximately one month after this visit, the Plaintiff's low bunk permit was canceled by JOHN DOE MEDICAL PERSONNEL. In addition, the Plaintiff was seen by Nurse Kelly, who informed the Plaintiff that DEFENDANT SALEH OBAISI had never ordered the Plaintiff an MRI for his shoulder.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24, but deny the allegations to the extent they are inconsistent with institutional records. Defendants further deny any violation of Plaintiff's constitutional rights whatsoever.

25. Defendants are aware that the Plaintiff was in serious pain with serious symptoms and ignored and failed to provide the requisite medical care for the Plaintiff. In certain instances, Defendants OBAISI, MARTIJA, and JOHN DOE MEDICAL PERSONNEL even exacerbated

the Plaintiff's injuries by revoking/denying him low bunk permits.

**ANSWER**: Defendants deny the allegations contained in Paragraph 25, and further deny any violation of Plaintiff's constitutional rights whatsoever.

26. Because the Defendants were not only aware of the Plaintiff's medical needs, but also the necessary treatment and medical accommodations that could relieve his suffering, yet Defendants refused to administer them to the Plaintiff, the Defendants exhibited deliberate indifference to the medical needs of the Plaintiff. Hence, Defendants violated the rights guaranteed to the Plaintiff under the Eighth Amendment to the U.S. Constitution.

**ANSWER**: Defendants deny the allegations contained in Paragraph 26, and further deny any violation of Plaintiff's constitutional rights whatsoever.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff, DARRELL FAIR, pray for judgment against the Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O/ LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O/ SALIS, BOBBY MATTISON, DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, JOHN DOE MEDICAL PERSONNELL, for fair and reasonable compensatory damages, reasonable punitive damages, plus attorneys' fees and costs.

**ANSWER**: Defendants deny any violation of Plaintiff's constitutional rights, and further deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## JURY DEMAND

Defendants demand trial by jury in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

To the extent that the Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act (42 U.S.C. § 1997).

### SECOND AFFIRMATIVE DEFENSE
### (*Heck v. Humphrey*)

To the extent Plaintiff's allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff had a duty to mitigate his claimed damages. Accordingly, to the extent Plaintiff could have prevented any injury by taking reasonable actions under the circumstances, he should be precluded from recovering damages for that injury.

WHEREFORE, Defendants respectfully request this honorable Court deny Plaintiff his requested relief.

Respectfully submitted,

CUNNINGHAM, MEYER & VEDRINE, P.C.

/s/ Terry S. Lu_____
Terry S. Lu (ARDC #6313383)
CUNNINGHAM, MEYER & VEDRINE, P.C.
One East Wacker Drive, Suite 2200
Chicago, Illinois 60601
Tel: (312) 578-0049
Fax: (312) 578-0247
E-Mail: tlu@cmvlaw.com