IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| DARRELL FAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 15-cv-4361 |
| vs. ) | |
| ) | Honorable Gary Feinerman |
| MARCUS HARDY, et al. ) | |
| ) | Mag. Michael Mason |
| Defendants. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT[1]**

Defendants, BOBBY MATTISON and JENNY MCGARVEY (together, "Defendants"), by and through their attorney, LISA MADIGAN, Illinois Attorney General, and for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, hereby state as follows:

## COUNT I

## SECTION 1983 DELIBERATE INDIFFERNCE TO MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT

1) This is an action brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, DARRELL FAIR and accomplished by acts and/or of the Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, committed under color of law.

---

[1] Plaintiff titled this complaint "Third Amended" on the ECF docket and "First Amended" on the instant pleadings, however, the Defendants note that Plaintiff's prior pleading was an amended complaint filed on February 12, 2016 (Doc. 11), and that the instant pleadings constitute Plaintiff's "Second Amended" Complaint.

1

**ANSWER:** **Defendants admit that Plaintiff purports to bring this lawsuit pursuant to § 1983 and violations of his Eighth and Fourteen Amendment rights, but deny any liability.**

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:** **Defendants admit that jurisdiction is proper.**

3) The Plaintiff, DARRELL FAIR, was at all relevant times, a resident of the State of Illinois and incarcerated at Stateville Correctional Center.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Second Amended Complaint.**

4) The Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, were at all relevant times correctional employees who worked at Statesville Correctional Center.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Second Amended Complaint.**

5) The Defendants DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, were at all relevant times medical personnel who worked at Stateville Correctional Center, and acting within the scope of their employment and under color of law.

**ANSWER:** **Defendants admit that Dr. Obaisi and Dr. Martija worked as medical personnel at Stateville at all times relevant herein. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Second Amended Complaint.**

6) On or about May 14, 2013, the Plaintiff was working in the barber shop located at Stateville Correctional Center. While he was working, he was asked help move the property of a prisoner by the name of Howard. As soon as the Plaintiff picked up Inmate Howard's bags, Inmate Howard attacked the Plaintiff. Defendants C/O MEDINE and C/O BROOKS helped to subdue both inmates and stop the attack. Due to the attack by inmate

Howard, the Plaintiff's face was swollen and bruised, his knees were bleeding, and his left shoulder was injured. He also felt dizzy and nauseous.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Second Amended Complaint.**

7) After the attack, the Plaintiff requested medical attention for his injuries from Defendants MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE. Even though the Defendants were made aware of the Plaintiff's injuries, they refused to send for medical attention.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint.**

8) Subsequent to this request, Plaintiff experienced severe headaches, light sensitivity, nausea to the point of vomiting, and "constant pain" following the scuffle with Howard.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Second Amended Complaint.**

9) On May 14, 2013, the Plaintiff wrote a letter to Bobby Mattison requesting medical assistance for the injuries he sustained on May 13, 2013. Bobby Mattison deliberately ignored this request for medical assistance.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff wrote a letter to Mattison on March 14, 2013. Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Second Amended Complaint.**

10) On May 15, 2013 the Plaintiff informed Nurse Wendy that he was experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain, and in response the informed the Plaintiff to fill out a medical request form. The Plaintiff filled out the medical request slip and submitted it.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Second Amended Complaint.**

11) On May 17, 2013 the Plaintiff submitted another medical request form.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Second Amended Complaint.**

12) On May 18, 2013 the Plaintiff complained to Defendants C/O WILLIAMS and LT. GIVENS about and the pain and suffering he was experiencing from the injuries he sustained on May 14, 2013 and requested medical attention. The Defendants ignored the Plaintiff's pleas for medical attention exclaiming that his medical issues were not "their problems."

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Second Amended Complaint.**

13) On May 19, 2013 the Plaintiff spoke to DEFENDANT JOHN DOE Med Tech assigned to D-House and requested medical assistance due to the severe pain he was still experiencing. The Defendant JOHN DOE MED TECH deliberately ignored the Plaintiff's pleas for medical assistance.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Second Amended Complaint.**

14) On May 20, 2013 the Plaintiff requested medical assistance from C/O SALIS regarding the severe pain that the Plaintiff was experiencing. Defendant C/O SALIS ignored the Plaintiff's pleas for medical assistance.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Second Amended Complaint.**

15) On May 22, 2013 the Plaintiff submitted another medical request form for medical assistance.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.**

16) Between May 22, 2013 to May 24, 2013, the Plaintiff spoke to JOHN DOE MEDICAL NURSES requesting medical assistance for experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain. The Defendants deliberately ignored his pleas for medical assistance.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.**

17) On May 25, 2013 the Plaintiff submitted another medical request form.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Second Amended Complaint.**

18) Between May 26, 2013 to May 27, 2013, the Plaintiff orally requested medical assistance from Defendants JOHN DOE MEDICAL NURSES for experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain. Instead of treating the Plaintiff, they instead told him to submit a medical request form and to write a grievance.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Second Amended Complaint.**

19) On May 28, 2013, after numerous oral and written requests for medical assistance, the Plaintiff was finally treated by a medical professional and received X-Rays a couple days later. On the day that the Plaintiff received his X-Rays, he was told he was scheduled for an appointment with Defendant SALEH OBAISI. However, the day of his appointment, a lockdown occurred at the prison, and the Plaintiff's appointment was canceled.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Second Amended Complaint.**

20) Even though Defendant SALEH OBAISI knew that the Plaintiff needed medical attention and was set to have a follow up appointment with him, the Plaintiff was not seen for four to six months by Defendant SALEH OBAISI.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.**

21) In subsequent visits, Defendant SALEH OBAISI denied the Plaintiff his request for a low bunk permit knowing that he was still in pain from his shoulder and that he had an issue with his prostate that necessitated him leaving his bed a number of times every night which exacerbated his injuries and delayed ordering the Plaintiff physical therapy treatment.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.**

22) Eventually the Plaintiff was seen by DEFENDANT MARTIJA in August of 2015. Even though Defendant MARTIJA recommended physical therapy for the Plaintiff, she refused his request for a low bunk permit, knowing that the Plaintiff was in shoulder pain and that he needed to leave his bunk several times each night because of prostate issues and this movement exacerbated his shoulder pain.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.**

23) On September 27, 2016, Defendant SALEH OBAISI promised the Plaintiff that he would order him an MRI.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.**

24) Approximately one month after this visit, the Plaintiff's low bunk permit was canceled by JOHN DOE MEDICAL PERSONNEL. In addition, the Plaintiff was seen by

Nurse Kelly, who informed the Plaintiff that DEFENDANT SALEH OBAISI had never ordered the Plaintiff an MRI for his shoulder.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Second Amended Complaint.**

25) Defendants are aware that the Plaintiff was in serious pain with serious symptoms and ignored and failed to provide the requisite medical care for the Plaintiff. In certain instances, Defendants OBAISI, MARTIJA, and JOHN DOE MEDICAL PERSONNEL even exacerbated the Plaintiff's injuries by revoking/denying him low bunk permits.

**ANSWER: Defendants deny that they are aware that the Plaintiff was in serious pain or seriously injury and failed to provide him with medical care. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.**

26) Because the Defendants were not only aware of the Plaintiff's medical needs, but also the necessary treatment and medical accommodations that could relieve his suffering, yet Defendants refused to administer them to the Plaintiff, the Defendants exhibited deliberate indifference to the medical needs of the Plaintiff. Hence, Defendants violated the rights guaranteed to the Plaintiff under the Eighth Amendment to the U.S. Constitution.

**ANSWER: This paragraph contains legal conclusions to which no response is required. To an extent a response is required, Defendants deny that they were aware of Plaintiff's medical needs or acted with deliberate indifference. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.**

**WHEREFORE**, Defendants deny that Plaintiff is entitled to the relief prayed for, or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

**FIRST AFFIRMATIVE DEFENSE**
**(Qualified Immunity)**

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

**JURY DEMAND**

Defendant demands a trial by jury on all issues herein triable.

Respectfully submitted,

/s/ Patrick D. Morris
PATRICK D. MORRIS
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-6594
Pmorris@atg.state.il.us

LISA MADIGAN
Attorney General of Illinois