# IN THE UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| **DARRELL FAIR, B-32994** ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| vs. ) | |
| ) | 15 CV 4361 |
| **MAJOR JENNY MCGARVEY; DR. SALEH** ) | |
| **OBAISI; C/O BROOKS C/O JOBORECK;** ) | |
| **C/O LAZARD C/O MEDINE; C/O WILLIAMS;** ) | **Honorable Gary Feinerman** |
| **LT. GIVENS ; C/O SALIS, BOBBY MATTISON** ) | |
| **DR. MARTIJA; JOHN DOE MEDICAL** ) | **Magistrate Judge Mason** |
| **TECHNICIANS; JOHN DOE NURSES;** ) | |
| **JOHN DOE MEDICAL PERSONNELL,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

## FOURTH AMENDED COMPLAINT

**NOW COMES** the Plaintiff, DARREL FAIR, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, JOHN DOE MEDICAL PERSONNELL, and states as follows:

### COUNT I
### SECTION 1983 DELIBERATE INDIFFERNCE TO MEDICAL CARE UNDER THE FOURTEENTH AMENDMENT

1) This is an action brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, DARRELL FAIR and accomplished by acts and/or of the Defendants,

MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3) The Plaintiff, DARRELL FAIR, was at all relevant times, a resident of the State of Illinois and incarcerated at Stateville Correctional Center.

4) The Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O SALIS, BOBBY MATTISON, were at all relevant times correctional employees who worked at Statesville Correctional Center.

5) The Defendants DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, were at all relevant times medical personnel who worked at Stateville Correctional Center, and acting within the scope of their employment and under color of law.

6) On or about May 14, 2013, the Plaintiff was working in the barber shop located at Stateville Correctional Center. While he was working, he was asked help move the property of a prisoner by the name of Howard. As soon as the Plaintiff picked up Inmate Howard's bags, Inmate Howard attacked the Plaintiff. Defendants C/O MEDINE and C/O BROOKS helped to subdue both inmates and stop the attack. Due to the attack by inmate Howard, the Plaintiff's face was swollen and bruised, his knees were bleeding, and his left shoulder was injured. He also felt dizzy and nauseous.

7) After the attack, the Plaintiff requested medical attention for his injuries from Defendants MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O LAZARD, C/O BROOKS, C/O MEDINE. Even though the Defendants were made aware of the Plaintiff's injuries, they refused to send for medical attention.

8) Subsequent to this request, Plaintiff experienced severe headaches, light sensitivity, nausea to the point of vomiting, and "constant pain" following the scuffle with Howard.

9) On May 14, 2013, the Plaintiff wrote a letter to Bobby Mattison requesting medical assistance for the injuries he sustained on May 13, 2013. Bobby Mattison deliberately ignored this request for medical assistance.

10) On May 15, 2013 the Plaintiff informed Nurse Wendy that he was experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain, and in response the informed the Plaintiff to fill out a medical request form. The Plaintiff filled out the medical request slip and submitted it.

11) On May 17, 2013 the Plaintiff submitted another medical request form.

12) On May 18, 2013 the Plaintiff complained to Defendants C/O WILLIAMS and LT. GIVENS about and the pain and suffering he was experiencing from the injuries he sustained on May 14, 2013 and requested medical attention. The Defendants ignored the Plaintiff's pleas for medical attention exclaiming that his medical issues were not "their problems."

13) On May 19, 2013 the Plaintiff spoke to Defendant JOHN DOE Med Tech assigned to D-House and requested medical assistance due to the severe pain he was still experiencing. The Defendant JOHN DOE MED TECH deliberately ignored the Plaintiff's pleas for medical assistance.

14) On May 20, 2013 the Plaintiff requested medical assistance from C/O SALIS regarding the severe pain that the Plaintiff was experiencing. Defendant C/O SALIS ignored the Plaintiff's pleas for medical assistance.

15) On May 22, 2013 the Plaintiff submitted another medical request form for medical assistance.

16) Between May 22, 2013 to May 24, 2013, the Plaintiff spoke to JOHN DOE MEDICAL NURSES requesting medical assistance for experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain. The Defendants deliberately ignored his pleas for medical assistance.

17) On May 25, 2013 the Plaintiff submitted another medical request form.

18) Between May 26, 2013 to May 27, 2013, the Plaintiff orally requested medical assistance from Defendants JOHN DOE MEDICAL NURSES for experiencing severe headaches, regurgitating food, sensitivity to light, and left shoulder pain. Instead of treating the Plaintiff, they instead told him to submit a medical request form and to write a grievance.

19) On May 28, 2013, after numerous oral and written requests for medical assistance, the Plaintiff was finally treated by a medical professional and received X-Rays a couple days later. On the day that the Plaintiff received his X-Rays, he was told he was scheduled for an appointment with Defendant DR. SALEH OBAISI. However, the day of his appointment, a lockdown occurred at the prison, and the Plaintiff's appointment was canceled.

20) Even though Defendant DR. SALEH OBAISI knew that the Plaintiff needed medical attention and was set to have a follow up appointment with him, the Plaintiff was not seen for four to six months by Defendant DR. SALEH OBAISI.

21) In subsequent visits, Defendant DR. SALEH OBAISI denied the Plaintiff his request for a low bunk permit knowing that he was still in pain from his shoulder and that he had an issue with his prostate that necessitated him leaving his bed a number of times every night which exacerbated his injuries and delayed ordering the Plaintiff physical therapy treatment.

22) Eventually the Plaintiff was seen by Defendant DR. MARTIJA in August of 2015. Even though Defendant DR. MARTIJA recommended physical therapy for the Plaintiff, she refused his request for a low bunk permit, knowing that the Plaintiff was in shoulder pain and that he needed to leave his bunk several times each night because of prostate issues and this movement exacerbated his shoulder pain.

23) On September 27, 2016, Defendant DR. SALEH OBAISI promised the Plaintiff that he would order him an MRI.

24) Approximately one month after this visit, the Plaintiff's low bunk permit was canceled by JOHN DOE MEDICAL PERSONNEL. In addition, the Plaintiff was seen by Nurse Kelly, who informed the Plaintiff that Defendant DR. SALEH OBAISI had never ordered the Plaintiff an MRI for his shoulder.

25) Defendants are aware that the Plaintiff was in serious pain with serious symptoms and ignored and failed to provide the requisite medical care for the Plaintiff. In certain instances, Defendants DR. SALEH OBAISI, DR. MARTIJA, and JOHN DOE MEDICAL PERSONNEL even exacerbated the Plaintiff's injuries by revoking/denying him low bunk permits.

26) Because the Defendants were not only aware of the Plaintiff's medical needs, but also the necessary treatment and medical accommodations that could relieve his suffering, yet Defendants refused to administer them to the Plaintiff, the Defendants exhibited deliberate

indifference to the medical needs of the Plaintiff. Hence, Defendants violated the rights guaranteed to the Plaintiff under the Eighth Amendment to the U.S. Constitution.

**WHEREFORE**, the Plaintiff, DARRELL FAIR, pray for judgment against the Defendants, MAJOR JENNY MCGARVEY, C/O JOBORECK, C/O/ LAZARD, C/O BROOKS, C/O MEDINE, C/O WILLIAMS, LT. GIVENS, C/O/ SALIS, BOBBY MATTISON, DR. SALEH OBAISI, DR. MARTIJA, JOHN DOE MEDICAL TECHNICIANS, JOHN DOE NURSES, JOHN DOE MEDICAL PERSONNELL, for fair and reasonable compensatory damages, reasonable punitive damages, plus attorneys' fees and costs.

### JURY DEMAND

The Plaintiff, DARRELL FAIR, hereby requests a trial by jury.

    Respectfully submitted,

    By: /s/ Brian Orozco
    Gregory E. Kulis & Associates, Ltd.

**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**312-580-1830**