# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DARRELL FAIR, | ) |
| Plaintiff, | ) |
| | ) 15-cv-4361 |
| vs. | ) |
| | ) Honorable Gary Feinerman |
| MCGARVEY, et al. | ) |
| | ) Mag. Judge Michael Mason |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS *AD TESTIFICANDUM***

Defendants, Bobby Mattison, Jenny McGarvey, Donald Salis, Tyrus Lazard, and Derek Jaburek (hereinafter referred collectively, as "Defendants"), by and through their attorney Lisa Madigan, Illinois Attorney General, and for their response in opposition to Plaintiff's Petition for Writ of Habeas Corpus *Ad Testificandum*, hereby state as follows:

**INTRODUCTION**

Plaintiff, Darrell Fair, an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Stateville Correctional Center ("Stateville"), filed a complaint pursuant to 42 U.S.C. § 1983 and alleges the Defendants, employees of the IDOC, along with Dr. Martija and Dr. Obaisi, employees with Wexford Health Sources, Inc., violated his Eighth Amendment right to receive adequate medical treatment. [ECF No.76]. On November 1, 2017, Plaintiff filed a Petition for Writ of Habeas Corpus *Ad Testificandum* ("Petition"), wherein he moved the Court to "secure the presence of the Plaintiff, Darrell Fair, at the Depositions of two defendants on December 11, 2017 at Stateville Correctional Center." [ECF No. 103].

Plaintiff's Petition should be denied because Plaintiff will be represented by legal counsel at the depositions and has provided no factual or legal basis for the Court to grant his Petition. Plaintiff's Petition should also be denied because his presence at the depositions would present significant safety and security concerns.

1

## **ARGUMENT**

Plaintiff asserts that he "has a right to be present at the depositions of the Defendants that have been named in his Federal lawsuit," yet he cites to no legal authority in support of this position. [ECF No. 103, ¶1]. In fact, pursuant to Title 28 U.S.C. § 2241(c)(5), the "writ of habeas corpus shall not extend to a prisoner unless…[i]t is necessary to bring him into court to testify or for trial" 28 U.S.C.A. § 2241 (West). Similarly, under Seventh Circuit precedent, it is well-established that incarcerated individuals have "no constitutional right to be produced as a witness in his own civil rights action." Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976);(citing Edgerly v. Kennelly, 215 F.2d 420 (7th Cir. 1954)). Here, Plaintiff is not seeking to testify or otherwise serve as a witness, but rather to merely appear in-person for the pretrial depositions of two defendants, which are to be questioned by Plaintiff's legal counsel. Moreover, although "it is within the discretion of the court to determine whether a prison inmate shall attend court proceedings held in connection with an action initiated by the inmate," the Court's decision is predicated on, and otherwise presupposes, the inmate's need to testify. *See* Perotti v. Quinones, 790 F.3d 712, 721 (7th Cir. 2015) (holding that "the court must weigh *the inmate's interest in being present in court to give testimony* in support of his claim against the government's interest in maintaining his confinement.") (emphasis added), (citing Stone, 546 F.2d 737).

Not only is Plaintiff's Petition an improper request given he is not seeking to present testimony to the Court, he fails to demonstrate that his interest in being present at the deposition outweighs the government's interest in maintaining his confinement. The Seventh Circuit identified eight factors that the court should weigh when determining whether to issue a writ ordering an inmate's presence at a court proceeding: "(1) the cost and inconvenience of transporting the plaintiff to court from his place of incarceration; (2) the potential danger or security risk that the plaintiff would pose to the court; (3) the substantiality of the matter at

issue; (4) any need for an early determination of the claim; (5) the possibility of postponing trial until the plaintiff is released from prison; (6) the plaintiff's probability of success on the merits of his claim; (7) the integrity of the correctional system; and (8) the plaintiff's interests in presenting his testimony in person rather than by alternate means, such as by deposition." Perotti, 790 F.3d at 721. Here, none of the factors apply favorably to Plaintiff's Petition in form or substance, particularly given he is already being represented by counsel. Plaintiff has not and cannot show how and his presence at the deposition would lead to an early determination of the claim, or would affect the likelihood of success on the merits, the timing of the trial, or the Plaintiff's interests in the presentation of his testimony.

On the other hand, Plaintiff's presence at the deposition presents a significant security risk to the facility and would cause the facility to incur additional costs for security and administration. Moreover, granting Plaintiff's Petition could compromise the integrity of the correctional system, including the State's sovereignty over the administration of its prisons. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("it is difficult to imagine an activity in which a state has a stronger interest, or one that is more intricately bound up with state laws, regulations, or procedures, than the administration of its prisons."). Specifically, the depositions of the two defendants are to take place in an unsecure administration building on Stateville grounds, and transporting and securing Plaintiff in that location would require additional security measures and costs. Second, permitting inmates to participate in depositions of defendant employees can present unique challenges to prison order, including but not limited to undermining staff authority, intensifying the underlying dispute and relationship between the inmate and staff member due to the confrontational nature of depositions, causing staff members to be more reluctant to exercise authority over litigious inmates, and generally undermining staff confidence and morale. *See* In re Wilkinson, 137 F.3d 911, 914 (6th Cir. 1998) (summarizing prison officials' testimony regarding risks

3

involved with having inmates attend depositions of defendant prison employees, and vacating district court's order permitting inmate to attend pretrial deposition because plaintiff failed to carry his burden in showing a "specialized need" to attend the deposition that outweighed the prison's interest in his confinement).

Accordingly, given that Plaintiff has failed to demonstrate a legal or factual basis for needing to attend the depositions, and in light of the significant safety, security and operational concerns of prison officials, Plaintiff's Petition for a Writ of Habeas Corpus *Ad Testificandum* should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Petition for Writ of Habeas Corpus *Ad Testificandum*, for any such other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Patrick D. Morris*
PATRICK D. MORRIS

LISA MADIGAN
Attorney General of Illinois

Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-6594
Pmorris@atg.state.il.us